COMMONWEALTH of Pennsylvania,
Appellant

v.

Daniel Brian BECK, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 21, 2011.

Filed Nov. 15, 2011.

---

Michael W. Streily, Deputy District Attorney and Kevin F. McCarthy, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Thomas A. Will, Pittsburgh, for appellee.

1. The Commonwealth may take an appeal of right from an order that does not end the entire case if the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution. Pa.R.A.P. 311(d); *Commonwealth v.*

BEFORE: BOWES, DONOHUE, and FREEDBERG, JJ.

OPINION BY FREEDBERG, J.:

The Commonwealth appeals [1] from the order entered on August 4, 2010, as amended by the Order of September 3, 2010, in the Court of Common Pleas of Allegheny County granting Appellee's motion to suppress Blood Alcohol Content ("BAC") test results. We reverse and remand.

On June 20, 2009, South Fayette Police Department Police Officer Jeffrey Sgro responded to a single-car accident. When he arrived at the scene, Sgro observed a single car resting on its passenger side in the westbound lane; an individual, later identified as Appellee, Daniel Beck, was lying partially inside the vehicle. Beck was unconscious throughout, however, Sgro observed a strong odor of alcohol about Appellee's person. Sgro did not see any containers of alcohol or any evidence that a second vehicle might be involved in the accident.

Appellee was taken to a hospital for treatment. Since Sgro believed alcohol might have been a factor in the accident, he served a subpoena for BAC test results on the hospital at which Appellee was treated, and obtained the BAC tests results from the hospital.

■ Appellee was charged with three counts of driving under the influence.[2] On June 9, 2010, Appellee filed a motion to suppress the BAC results obtained pursuant to the subpoena on the hospital. The BAC test had been administered by the

*Torres,* 564 Pa. 86, 764 A.2d 532, 536, n. 2 (2001). The Commonwealth has filed such a certification in this case.

2. 75 Pa.C.S.A. §§ 3802(a)(1) and (c).

hospital staff for independent medical treatment purposes. Where a BAC test is not requested by the police but rather is done as part of an independent medical protocol, the police cannot obtain the results via subpoena; the police must obtain a search warrant. *Commonwealth v. Shaw*, 564 Pa. 617, 770 A.2d 295 (2001). The district attorney then contacted Allegheny County Police Department Detective Robert Keenan, an expert in accident reconstruction, and asked him to conduct an independent investigation of the case, with the objective of obtaining Appellee's BAC test results via a valid search warrant.

Following the investigation, some eight or nine months after the accident, Keenan presented a search warrant to a Magisterial District Judge ("MDJ"). While obtaining the warrant, Keenan advised the MDJ that the medical records had previously been obtained erroneously by subpoena stating that this was the standard operating procedure of the South Fayette Police Department, and the Department should change those procedures. The MDJ granted the warrant, and the Commonwealth obtained the BAC results.

A hearing took place on Appellee's motion on July 7, 2010. On August 4, 2010, the suppression court granted the motion to suppress, suppressing both the BAC test results and all evidence incident to the stop and search of Appellee by Officer Sgro. The Commonwealth filed a motion for reconsideration. On September 3, 2010, the suppression court partially granted the motion, holding that the only items to be suppressed were the BAC test results obtained by Sgro by subpoena and Keenan by warrant. The Commonwealth filed the instant, timely appeal and a timely concise statement and amended concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed an opinion.

On appeal, the Commonwealth raises the following issue for our review.

Whether the suppression court erred in finding that the second set of blood test results obtained via a search warrant by a detective unrelated to the initial police department were tainted because that detective improperly informed the magistrate district justice that the initial set of records was improperly obtained by subpoena, and therefore, could not qualify as an independent source?

Commonwealth's Brief at 4.[3]

■ On appeal, the Commonwealth argues that the trial court erred in granting the motion to suppress. When the Commonwealth appeals from a suppression order, we follow a clearly defined scope and standard of review. We consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. *Commonwealth v. Henry*, 943 A.2d 967, 969 (Pa.Super.2008). This Court must first determine whether the record supports the factual findings of the suppression court and then determine the reasonableness of the inferences and legal conclusions drawn from those findings. *Id.* In appeals where there is no meaningful dispute of fact, as in the case *sub judice*, our duty is to determine whether the suppression court properly applied the law to the facts of the case. *Commonwealth v. Ruey*, 586 Pa. 230, 892 A.2d 802, 807 (2006).

■ The Commonwealth argues that the BAC test results obtained pursuant to

---

**3.** We need not address a second issue raised by the Commonwealth as the parties agree it was mooted by the suppression court's partial grant of reconsideration.

the search warrant are admissible based on the independent source doctrine. The Pennsylvania Supreme Court has stated that where the Commonwealth can demonstrate "that the allegedly tainted evidence was procured from an independent origin—a means other than the tainted source—the evidence will be admissible." *Commonwealth v. Mason*, 535 Pa. 560, 637 A.2d 251, 254 (1993) (citation omitted). The test for whether there is an independent source is as follows: "(1) whether the decision to seek a warrant was prompted by what was seen during the initial entry; and (2) whether the magistrate was informed at all of the information." *Commonwealth v. Brundidge*, 533 Pa. 167, 620 A.2d 1115, 1119–20 (1993). Further, "application of the independent source doctrine is proper only in the very limited circumstances where the independent source is *truly independent from both the tainted evidence and the police or investigative team which engaged in the misconduct by which the tainted evidence was discovered.*" *Commonwealth v. Melendez*, 544 Pa. 323, 676 A.2d 226, 231 (1996) (internal citation and quotation marks omitted, emphasis in original).

■ In the instant matter, the illegality in question was the seizure of the BAC results through a subpoena. Here, the decision to seek a warrant came about not as a result of viewing the illegally obtained BAC results but as a result of Detective Keenan's investigation. As stated in the warrant application, the responding officer, the paramedics, and the life flight personnel all noted the strong odor of alcohol about Appellee's person. *See* March 25, 2010 Affidavit of Probable Cause. Thus, the Commonwealth met the first prong of the test. Further, the Commonwealth demonstrated that the investigation was truly independent. Detective Keenan is an accident reconstruction specialist em-

ployed by a different police agency and did not view the tainted evidence as part of his investigation.

The trial court held, however, that the Commonwealth could not satisfy the second prong of the test because Detective Keenan informed the MDJ that the evidence had previously been obtained via a subpoena and that this practice of the South Fayette Police Department should be changed. The suppression court's focus on this information was erroneous. The "information" referred to in the *Brundidge* test is not the fact that the evidence was initially illegally obtained but the evidence itself which was illegally obtained, in this case the BAC test results.

Our review of the Affidavit of Probable Cause reveals that there is no information in the warrant application regarding the illegally obtained BAC test results. Further, there is no evidence that Detective Keenan informed the MDJ of those test results. The fact that Detective Keenan complained about the South Fayette Police Department's methodology and told the MDJ that the results had initially been wrongly obtained is immaterial. In discussing the independent source doctrine the United States Supreme Court has stated:

The ultimate question, therefore, is whether the search pursuant to a warrant was in fact a genuinely independent source of the information and tangible evidence at issue here.

This would not have been the case if the agents' decision to seek the warrant was prompted by what they had seen during their initial entry or *if the information obtained during that entry was presented to the magistrate* and affected his decision to issue the warrant.

*Murray v. U.S.*, 487 U.S. 533, 542, 108 S.Ct. 2529, 2536, 101 L.Ed.2d 472, 483–84 (1988) (emphasis added). Here, Officer

Keenan did not present any tainted information obtained via the improper subpoenaing of the BAC test results to the MDJ. Thus, the trial court erred in holding that the Commonwealth did not prove that the BAC test results were obtained via an independent source. Accordingly, we reverse.

Order **REVERSED.** Case **REMANDED.** Jurisdiction **RELINQUISHED.**